United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEDRO RODRIGUEZ,

    Plaintiff,

v.

DAVID STAHLER, et al.,

    Defendants.

Case No. 14-cv-05135-JST (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

### INTRODUCTION

Plaintiff, an inmate at the Vista Detention Center in Vista, California, filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A. For the reasons stated below, the complaint is dismissed with leave to amend.

### DISCUSSION

**I.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II.    Legal Claims

Plaintiff alleges that defendants Oceanside Police Detective Steven Stracke and Oceanside Police Officer Steven Walter, without a warrant, monitored and intercepted plaintiff's on-line communications. Plaintiff further alleges that Stracke and Walter used defendant Redwood City Police Detective David Stahler to enter plaintiff's home, again without a warrant, and remove plaintiff's electronics. According to the complaint, Stracke continued to obtain electronic information pertaining to plaintiff, without a warrant, until he finally applied for a warrant in September 2014.

The allegations of the complaint suggest that the Heck rule applies to this case, but plaintiff has not provided sufficient information for the court to make that determination. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been

reversed or declared invalid. See id. at 486-87. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section 1983. Id. at 487. Such a damages claim will not be barred under Heck if the plaintiff has not yet been convicted, however. See Wallace v. Kato, 549 U.S. 384, 395 (2007) (Heck does not encompass the principle that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside.") Nonetheless, the claim should not go forward if the plaintiff's criminal proceedings are still pending; rather, the court can "stay the civil action until the criminal case or the likelihood of a criminal case is ended." See at 394.

The fact that plaintiff was in detention near Oceanside, California at the time he filed the complaint suggests that plaintiff may have been charged for a crime as a result of the on-line communications and personal electronics that he believes were illegally obtained by defendants employed by the Oceanside Police Department. If that is the situation, plaintiff needs to allege those facts and also needs to provide information as to whether the criminal charges are still pending, resulted in a conviction, or resulted in a dismissal. The absence of information about the reason for his arrest and the crime of which he has been charged or convicted prevent this Court from determining whether the complaint states a claim for relief, whether it is barred by Heck, and/or whether it must be stayed under Wallace. Accordingly, the complaint will be dismissed with leave to amend. In his amended complaint, plaintiff must identify the reason he was arrested and identify the crime of which he has been charged or convicted that resulted from the allegedly warrantless search and seizure.

## CONCLUSION

The complaint is DISMISSED with leave to amend. The amended complaint must be filed within **thirty (30)** days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-5135 JST (PR)) and the words AMENDED COMPLAINT on the first page. The Clerk of the Court is directed to send plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the

3

1 amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Plaintiff
2 may not incorporate material from the prior complaint by reference.  Defendants not named in an
3 amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th
4 Cir. 1992).  **Failure to file the amended complaint by the deadline will result in dismissal of**
5 **this action.**

   **IT IS SO ORDERED.**

Dated:  March 23, 2015

_____
JON S. TIGAR
United States District Judge